IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL TYRONE WALKER, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 15-6124 |
| | : | |
| v. | : | |
| | : | |
| BERK,S COUNTY JAIL WARDEN, | : | |
| JANINE L. QUIGLEY, Warden, and FIVE | : | |
| CORRECTIONAL OFFICER'S | : | |
| UNKNOWN AND MEDICAL STAFF, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                            February 1, 2016

The *pro se* plaintiff in this 42 U.S.C. § 1983 action has filed five requests that the court enter defaults or default judgments against two of the allegedly-named defendants for their alleged failure to respond to his complaint. As explained below, the requests for default are improper at this time because (1) one of the allegedly non-responding defendants is not named as a defendant in this case, and (2) there is no evidence by affidavit or otherwise showing that the defendants are in default. To the extent that the plaintiff seeks a default judgment, this request is also improper because the clerk of court has yet to enter default. Accordingly, the court will deny without prejudice the requests for entries of default and for default judgments.

        **I.**        **ALLEGATIONS AND PROCEDURAL HISTORY**

The *pro se* plaintiff, Michael Tyrone Walker, filed an application to proceed *in forma pauperis* and a proposed complaint against the defendants, "Berk,s [sic] County Jail Warden," Janine L. Quigley, Warden, and "Five Correctional Officer's [sic] Unknown and Medical Staff" on November 12, 2015. Doc. No. 1. Because the plaintiff did not complete the application to

proceed *in forma pauperis*, the court entered an order on November 19, 2015, requiring the plaintiff to file a completed application (including providing a certified copy of his prisoner account statement as required by 28 U.S.C. § 1915(a)) or remit the $400 fee to the clerk of court. Doc. No. 2. On December 14, 2015, the plaintiff submitted the $400 fee to the clerk of court. *See* Unnumbered Docket Entry Between Doc. Nos. 4 and 5. On that same date, the clerk of court docketed the complaint. Doc. No. 5. The clerk of court also issued summonses for "Berks County Jail Warden" and Janine L. Quigley. *See* Unnumbered Docket Entry Between Doc. Nos. 5 and 6.

With regard to the complaint, the plaintiff attempted to complete a form complaint for actions under 42 U.S.C. § 1983. *See* Compl., Doc. No. 5. Despite the instruction in section I.B. that the plaintiff should "[m]ake sure that the defendant(s) listed below are ***identical*** to those listed in the above caption[,]" the plaintiff has failed to properly set forth the defendants in this case. *Id.* at 2 (emphasis added). More specifically, the identified defendants in the caption are: "Berk,s [sic] County Jail Warden," "Janine L. Quigley, Warden," and "Five Correctional Officer's [sic] Unknown and Medical Staff." *Id.* at 1. In the body of the complaint, the plaintiff does not list "Berk,s [sic] County Jail Warden" as a defendant; instead, he lists Janine L. Quigley, Warden, Correctional Officer Ruffner, "Correctional Bower," Correctional Officer Sgt. Kirlin, and "Correctional Officer, Corderre, Sgt."[1] *Id.* at 2.

---

[1] Rule 10 of the Federal Rules of Civil Procedure requires that each defendant be included in the caption of the complaint. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). Nonetheless, at no point in the complaint does the plaintiff identify how any of the individual defendants allegedly violated his constitutional rights. In this regard, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A section 1983 plaintiff must therefore allege that each defendant was personally involved in the events constituting the plaintiff's claim. *See Innis v. Wilson*, 334 F. App'x 454, 457 (3d Cir. 2009) (indicating that section 1983 plaintiff could not maintain claim against individual defendant unless said defendant was personally involved in actions causing the claim); *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1998) (stating that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*"). Thus, supervisors may be

As for the causes of action in the complaint, the plaintiff appears to assert a cause of action under section 1983 for violations of his rights under the First and Fourteenth Amendments because correctional officers at the Berks County Jail allegedly raised issues with him wearing religious beads.  *See* Compl. at 2-3.  In addition, he asserts another cause of action under section 1983 for alleged violations of his Eighth and Fourteenth Amendment rights because he slipped and fell in a shower at the Berks County Jail due to the shower not having a railing, safety bar, or non-slip mats.  *Id.* at 3.  He seeks compensatory and punitive damages for his injuries.  *Id.* at 5.

In support of his allegations in the complaint, the plaintiff provided three documents that were entered on the docket on January 7, 2016.[2]  Doc. Nos. 6-8.  The plaintiff then submitted five documents, which the clerk of court entered on the docket on January 21, 2016.  Doc. Nos. 9-13.  In these five documents, which the plaintiff appears to have sent as early as January 4, 2016 to as late as January 11, 2016, from his place of incarceration, he claims that the court should enter default or a default judgment against Berks County Jail and Janine Quigley because thirty days have passed and these defendants have not responded to the complaint.  *See id.*

The plaintiff filed three additional documents that the clerk of court entered on the docket on January 28, 2016.  Doc. Nos. 14-16.  In those documents, he essentially asks for confirmation

---

liable for a constitutional violation if they established and maintained a policy, practice, or custom that caused the constitutional violation, or if they participated in violating the plaintiff's rights, directed others to violate them, or had knowledge of and acquiesced in their subordinates' violations.  *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014) (discussing and "identif[ying] two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates").  Also, "the level of intent necessary to establish supervisory liability will vary with the underlying constitutional tort alleged."  *Id.* at 319.

[2] The court advises the plaintiff that it is impermissible for him to file these letters with further information about his claim under the notion that the court and the defendants will take the letters into consideration.  At this stage of the litigation, if the plaintiff desires to have something considered as part of the record he needs to file an amended pleading (that complies with the Federal Rules of Civil Procedure) so the defendants have the opportunity to respond to it.  If the case moves beyond the pleading stage, the plaintiff will have the opportunity to support his claims by engaging in discovery.

that the court granted the defendants an extension of time to respond to the complaint because he had not received their responses.[3]  *Id.*

## II.  DISCUSSION

The plaintiff's requests for entries of default or for default judgments are wholly improper.  Under Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a named defendant must serve an answer "within 21 days after being served with the summons and complaint."[4]  Fed. R. Civ. P. 12(a)(1)(A).  In addition, a defendant seeking to file a motion under Rule 12(b) must do so "before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b).

If "a party against whom a judgment for affirmative relief is sought" fails to timely "plead or otherwise defend" after being served with the summons and complaint, Rule 55 allows a party to move to have the clerk of court enter default against the nonresponding party.  Fed. R. Civ. P. 55(a).  A party seeking to have the clerk of court enter default must show by "affidavit or otherwise" that the nonresponding party failed to "plead or otherwise defend."  *Id.*  Only *after* the clerk of court enters default may a party move for the entry of default judgment.  *See, e.g.*, *Travelers Indem. Co. v. Barnickel Enters., Inc.*, No. 09-5068(GEB), 2010 WL 3025238, at *2 (D.N.J. Aug. 2, 2010) ("Procedurally, the Clerk of the Court must enter default against a defendant before this Court enters default judgment.").

Here, there is no indication in the record (other than the plaintiff's unsworn statements to the contrary) that he effected service of the summonses and complaint upon the Berks County Jail or Janine L. Quigley.  He could not have served the Berks County Jail because it is not a defendant in this action insofar as it is not listed in the caption of the complaint or in the body of

---

[3] If the court grants the defendants additional time to respond to the complaint, the plaintiff would receive a copy from the clerk of court.  The plaintiff should direct any questions about whether documents are filed of record to the clerk of court's office and not to the court.

[4] Rule 12(a) also discusses the time for responding if a defendant executes a waiver of service, but there is no indication that the plaintiff sent waivers of service in this case.

the complaint.  Also, the clerk of court did not issue a summons for Berks County Jail. Therefore, despite the plaintiff's statement that he served the summons and complaint on Berks County Jail, it would be impossible for him to properly do so without a summons issued by the clerk of court.  Even if he did serve this entity, it would not have to respond because it is not identified as a party in this case.[5]

Additionally, even if the Berks County Jail was a proper defendant, the court cannot ascertain that the plaintiff properly effected service in this case because he has not filed proof of service as required by Rule 4(l) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 4(l) ("Unless service is waived, proof of service *must* be made to the court." (emphasis added)). Without proof of service or some other affidavit (or evidence) from the plaintiff regarding effecting service, there is simply no way for the court (or the clerk of court) to ascertain whether the allegedly nonresponding defendants are actually in default.[6]  Therefore, any entry of default or a default judgment would be speculative and improper in these circumstances.[7]

---

[5] While recognizing the plaintiff's *pro se* status, his reference to "Berks County Jail Warden" in the caption is not the same as identifying "Berks County Jail."  The court advises the plaintiff that the Berks County Jail would not be a proper defendant in this section 1983 action because it is not a "person" for purposes of section 1983.  *See Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) (concluding that district court properly dismissed claims against county prison because even though "[a] local governmental agency may be a 'person' for purposes of § 1983 liability[, the county prison] is not a person capable of being sued within the meaning of § 1983") (internal citations omitted)); *Mincy v. Deparlos*, 497 F. App'x 234, 239 (3d Cir. 2012) (determining that district court properly concluded that county prison is not a person within the meaning of Section 1983); *see also* Order at 2, *Regusters v. Berks County Prison*, No. 16-23 (Jan. 7, 2016) (dismissing Berks County Prison as a defendant in section 1983 action because it "is not a 'person' for purposes of § 1983").  Instead, the proper defendant, if any, would be Berks County.  Also, Berks County can only be liable if its own policy, custom, or practice caused the deprivation of constitutional rights.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-92 (1978).

[6] The plaintiff repeatedly claims that more than 30 days has passed since he served the summonses and complaint upon the Berks County Jail and Janine L. Quigley.  The record belies some of these assertions because the clerk of court did not mail the summonses to the plaintiff (and one of those summonses was directed to the "Berks County Jail Warden") until December 14, 2015.  As early as January 4, 2016, the plaintiff started representing that 30 days had passed since he served the summons and complaint on the Berks County Jail and Janine L. Quigley.  *See* Doc. No. 9.  He represented this fact despite only 20 days having passed since the date of mailing the summonses and his first request for default.

[7] As indicated above, requests for entry of default must be sent to the clerk of court.

### III.    CONCLUSION

To the extent that the plaintiff seeks the entry of default because Berks County Jail and Janine L. Quigley failed to respond to the complaint after he served them, the court will deny the requests because these requests are improper and premature.  The Berks County Jail is not a named defendant in this action and the plaintiff could not have effected service on this entity because the clerk of court has not issued him a summons to do so.  As for Janine L. Quigley, the plaintiff has neither filed any proof of service in this case nor supplied the court with any information by affidavit or otherwise showing that she is in default for failing to respond to the complaint.  The plaintiff's unsworn and uncorroborated statements about service, especially in light of the fact that he claims that 30 days have passed since he served her when 30 days could not have passed, demonstrate that any entry of default (even if the court could enter default) is improper.  The court will also not entertain a request for a default judgment against Janine L. Quigley because the clerk of court has yet to enter default against her.  Accordingly, the court will deny without prejudice the requests/motions for default and for default judgment.[8]

The court will issue a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[8] If the plaintiff effected service of the summons (as issued on December 14, 2015) and complaint upon the named defendants, the plaintiff must file a proof of service.  If the defendants have not responded in timely manner in accordance with the Federal Rules of Civil Procedure, the plaintiff can then move to have the clerk of court enter default.